**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT**
**IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**
**CIRCUIT CIVIL DIVISION**

**KEVIN AND VALERIE RIDDLE,**
**individually and on behalf of all others**
**similarly situated,**

       **Plaintiffs,**                           **CASE NO.: 19-CA-296**

**v.**

**PEPSICO, INC.,**

       **Defendant.**

_____/

## FIRST AMENDED CLASS ACTION COMPLAINT

1.     The Plaintiffs, Kevin and Valerie Riddle ("Plaintiffs"), file this Class Action Complaint against Defendant, PEPSICO, INC. ("Defendant"), on behalf of themselves and on behalf of all others similarly situated, in accordance with  alleging that Defendant failed to provide legally sufficient required notices of their right to continued health care coverage under the Consolidated Omnibus Budget Reconciliation Act of 1985 ("COBRA").

2.     Defendant, the plan sponsor of the Health Plan ("Plan"), has repeatedly violated ERISA by failing to provide participants and beneficiaries in the Plan with adequate notice, as prescribed by COBRA, of their right to continue their health coverage upon the occurrence of a "qualifying event" as defined by the statute.

3.     Simply put, Defendant's COBRA notice process violates the law.  Rather than including all information required by law in a single notice "written in a manner calculated to be understood by the average plan participant," Defendant's COBRA notification process instead offers only part of the legally required information, but does so in piece-meal fashion.

4.     For example, Defendant's "COBRA Continuation Coverage Enrollment Notice,"

dated February 5, 2018 and attached as Exhibit A, violates 29 C.F.R. § 2590.606-4(b)(4)(v) because the notice _**itself**_ never actually explains how to enroll in COBRA, nor does it bother including a physical election form (both of which the model Department of Labor form includes). Instead, Defendant's COBRA enrollment notice merely directs plan participants to a "catch-all" general H.R. phone number to enroll in COBRA, and website, operated by a third-party guised as Pepsi's HR department, rather than explaining how to actually enroll in COBRA. But the COBRA notice contains no instructions on how to actually enroll if one calls the phone number, or when one visits the website.

5.      Additionally, Defendant's COBRA enrollment notice violates 29 C.F.R. § 2590.606–4(b)(4)(xii) because the COBRA notice itself fails to include an address indicating where COBRA payments should be mailed. It also violates 29 C.F.R. § 2590.606-4(b)(4)(i) because the COBRA enrollment notice fails to identify the plan administrator. And, Defendant's COBRA enrollment notice violates 29 C.F.R. § 2590.606–4(b)(4)(xii) because it fails to include information on how COBRA coverage can be lost prematurely, including, for example, because of late payments. Furthermore, the COBRA enrollment notice violates 29 C.F.R. § 2590.606-4(b)(4)(vi) because it fails to provide all required explanatory information.

6.      Because Defendant's COBRA enrollment notice omits the above critical pieces of information, it collectively violates 29 C.F.R. § 2590.606–4(b)(4), which requires the plan administrator of a group-health plan to provide a COBRA notice "written in a manner calculated to be understood by the average plan participant." Without information on _**how**_ to elect COBRA, or _**where**_ to send payments, or _**who**_ is the Plan Administrator, or _**what**_ happens if timely payments are not made, Defendant's COBRA enrollment notice simply is not written in a manner calculated to be understood by the average plan participant.

7.     To compound the confusion, Defendant sent out to Plaintiff and the putative class members a second letter containing information on COBRA styled "Important Information About Your COBRA Continuation Coverage", a copy of which is attached as Exhibit B, that contains some – but not all – of the information missing from its COBRA enrollment notice.  It contains no information whatsoever on how to enroll in COBRA and, while it contains some of the information missing from Exhibit A, it omits other required information that can only be found by going back and reading Exhibit A in tandem with Exhibit B (e.g., coverage end date, premium payment amount, identification of qualifying event, etc.).

8.     Simply put, Defendant's piecemeal methodology for disseminating critical COBRA-related information does not comport with 29 C.F.R. § 2590.606–4.

9.     As a result of these violations, which threaten Class Members' ability to maintain their health coverage, Plaintiffs seek statutory penalties, injunctive relief, attorneys' fees, costs and expenses, and other appropriate relief as set forth herein and provided by law.

## JURISDICTION AND VENUE

10.     This is an action for damages in excess of $15,000.00, exclusive of interest, fees, and costs.

11.     This Court has personal jurisdiction over Defendant under the Florida Long Arm Jurisdiction Act, Fla. Stat. § 48.193.

12.     Furthermore, this Court's exercise of personal jurisdiction over Defendant is constitutionally sound.

13.     Through its operations in in Hillsborough County, Florida, Defendant has sufficient minimum contacts with the State of Florida to make it reasonably foreseeable that Defendant could be sued in Florida. Defendant will suffer no unfair prejudice from the exercise of this Court's

personal jurisdiction, which serves the interests of justice in this case

14.     Plaintiffs are Florida residents.  Kevin Riddle is a former employee of Defendant and Valerie Riddle his spouse.  Both were covered under Kevin Riddle's health plan through Defendant.  Plaintiffs were thus participants/beneficiaries in the Plan before Kevin Riddle's termination on January 30, 2018, which constituted a qualifying event within the meaning of 29 U.S.C. § 1163(2), rendering them qualified beneficiaries of the Plan pursuant to 29 U.S.C. § 1167(3).  Importantly, Kevin Riddle was not terminated for gross misconduct.

15.     Defendant is a foreign corporation with its headquarters in New York, but is registered to do business in the State of Florida.  Defendant employed more than 20 employees who were members of the Plan in each year from 2011 to 2017.  Defendant is the Plan sponsor within the meaning of 29 U.S.C. §1002(16)(B), and the administrator of the Plan within the meaning of 29 U.S.C. § 1002(16)(A). The Plan provides medical benefits to employees and their beneficiaries, and is an employee welfare benefit plan within the meaning of 29 U.S.C. § 1002(1) and a group health plan within the meaning of 29 U.S.C. § 1167(1).

## FACTUAL ALLEGATIONS

### COBRA Notice Requirements

16.     The COBRA amendments to ERISA included certain provisions relating to continuation of health coverage upon termination of employment or another "qualifying event" as defined by the statute.

17.     Among other things, COBRA requires the plan sponsor of each group health plan normally employing more than 20 employees on a typical business day during the preceding year to provide "**each** qualified beneficiary who would lose coverage under the plan as a result of a qualifying event … to elect, within the election period, continuation coverage under the plan."  29

U.S.C. § 1161.  (Emphasis added).

18.     Notice is of enormous importance. The COBRA notification requirement exists because employees are not expected to know instinctively of their right to continue their healthcare coverage.

19.     Moreover, existing case law makes it ostensibly clear that notice is not only required to be delivered to covered employees but to qualifying beneficiaries, as well.

20.     COBRA further requires the administrator of such a group health plan to provide notice to any qualified beneficiary of their continuation of coverage rights under COBRA upon the occurrence of a qualifying event. 29 U.S.C. § 1166(a)(4). This notice must be "[i]n accordance with the regulations prescribed by the Secretary" of Labor.  29 U.S.C. § 1166(a).

21.     The relevant regulations prescribed by the Secretary of Labor concerning notice of continuation of coverage rights are set forth in 29 C.F.R. § 2590.606-4 as follows:

> (4)  The notice required by this paragraph (b) shall be written in a manner calculated to be understood by the average plan participant and shall contain the following information:
>
> (i) The name of the plan under which continuation coverage is available; and the name, address and telephone number of the party responsible  under the plan for the administration of continuation coverage benefits;
>
> (ii) Identification of the qualifying event;
>
> (iii)  Identification, by status or name, of the qualified beneficiaries who are recognized by the plan as being entitled to elect continuation coverage with respect to the qualifying event, and the date on which coverage under the plan will terminate (or has terminated) unless continuation coverage is elected;
>
> (iv)  A statement that each individual who is a qualified beneficiary with respect to the qualifying event has an independent right to elect continuation coverage, that a covered employee or a qualified beneficiary who is the spouse of the covered employee (or was the spouse of the covered employee on the day before the qualifying event occurred) may elect continuation coverage on behalf of all

other qualified beneficiaries with respect to the qualifying event, and that a parent or legal guardian may elect continuation coverage on behalf of a minor child;

(v) An explanation of the plan's procedures for electing continuation coverage, including an explanation of the time period during which the election must be made, and the date by which the election must be made;

(vi) An explanation of the consequences of failing to elect or waiving continuation coverage, including an explanation that a qualified beneficiary's decision whether to elect continuation coverage will affect the future rights of qualified beneficiaries to portability of group health coverage, guaranteed access to individual health coverage, and special enrollment under part 7 of title I of the Act, with a reference to where a qualified beneficiary may obtain additional information about such rights; and a description of the plan's procedures for revoking a waiver of the right to continuation coverage before the date by which the election must be made;

(vii)  A description of the continuation coverage that will be made available under the plan, if elected, including the date on which such coverage will commence, either by providing a description of the coverage or by reference to the plan's summary plan description;

(viii) An explanation of the maximum period for which continuation coverage will be available under the plan, if elected; an explanation of the continuation coverage termination date; and an explanation of any events that might cause continuation coverage to be terminated earlier than the end of the maximum period;

(ix) A description of the circumstances (if any) under which the maximum period of continuation coverage may be extended due either to the occurrence of a second qualifying event or a determination by the Social Security Administration, under title II or XVI of the Social Security Act (42 U.S.C. 401 et seq. or 1381 et seq.) (SSA), that the qualified  beneficiary is disabled, and the length of any such extension;

(x)  In the case of a notice that offers continuation coverage with a maximum duration of less than 36 months, a description of the plan's requirements regarding the responsibility of qualified beneficiaries to provide notice of a second qualifying event and notice of a disability determination under the SSA, along with a description of the plan's procedures for providing such notices,

including the times within which such notices must be provided and the consequences of failing to provide such notices. The notice shall also explain the responsibility of qualified beneficiaries to provide notice that a disabled qualified beneficiary has subsequently been determined to no longer be disabled;

(xi) A description of the amount, if any, that each qualified beneficiary will be required to pay for continuation coverage;

(xii) A description of the due dates for payments, the qualified beneficiaries' right to pay on a monthly basis, the grace periods for payment, the address to which payments should be sent, and the consequences of delayed payment and non-payment;

(xiii) An explanation of the importance of keeping the administrator informed of the current addresses of all participants or beneficiaries under the plan who are or may become qualified beneficiaries; and

(xiv) A statement that the notice does not fully describe continuation coverage or other rights under the plan, and that more complete information regarding such rights is available in the plan's summary plan description or from the plan administrator.

22.     To facilitate compliance with these notice obligations, the United States Department of Labor ("DOL") has issued a Model COBRA Continuation Coverage Election Notice ("Model Notice"), which is included in the Appendix to 29 C.F.R. § 2590.606-4. A copy of this Model Notice is attached hereto as Exhibit C.  The DOL website states that the DOL "will consider use of the model election notice, appropriately completed, good faith compliance with the election notice content requirements of COBRA."

23.     In the event that a plan administrator declines to use the Model Notice and fails to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, the administrator is subject to statutory penalties of up to $110 per participant or beneficiary per day from the date of such failure. 29 U.S.C. § 1132(c)(1). In addition, the Court may order such other relief as it deems proper, including but not limited to injunctive relief pursuant to 29 U.S.C. § 1132(a)(3) and payment of attorneys' fees and expenses pursuant to 29 U.S.C. §

1132(g)(1).  Such is the case here.  Defendant failed to to use the Model Notice and failed to meet the notice requirements of 29 U.S.C. § 1166 and 29 C.F.R. § 2590.606-4, as set forth below.

### Defendant's Notice Is Inadequate and Fails to Comply with COBRA

24.     Defendant partially adhered to the Model Notice provided by the Secretary of Labor, but only to the extent that served Defendant's best interests, as critical parts are omitted or altered in violation of 29 C.F.R. § 2590.606-4. Defendant authored and disseminated a notice deviating from the model form in violation of COBRA's requirements which failed to provide Plaintiffs notice of all required coverage information, as explained further below. A copy of Defendant's notice is attached hereto as Exhibit A.  Among other things:

a.     **Defendant's COBRA enrollment notice, attached as Exhibit A, violates 29 C.F.R. § 2590.606-4(b)(4)(v) because the notice itself never actually explains how to enroll in COBRA, nor does it bother including a physical election form (both of which the model Department of Labor form includes);**

b.     **The COBRA enrollment notice violates 29 C.F.R. § 2590.606-4(b)(4)(xii) because it fails to provide the address to which payments should be sent;**

c.     **The COBRA enrollment notice violates 29 C.F.R. § 2590.606-4(b)(4)(xii) because it fails to include information stating that a participant may prematurely lose COBRA coverage (if, for instance, the participant becomes covered under another group health plan, becomes Medicare eligible or fails to make timely payment);**

d.     **The COBRA enrollment notice violates 29 C.F.R. § 2590.606-4(b)(4)(vi) because it fails to provide all required explanatory information. There is no explanation that a qualified beneficiary's decision whether to elect continuation coverage will affect the future rights of qualified beneficiaries to portability of group health coverage, guaranteed access to individual health coverage, and special enrollment under part 7 of title I of the Act.**

e.     **The COBRA enrollment notice violates 29 C.F.R. § 2590.606-4(b)(4)(i) because it fails to provide the name, address and telephone number of the party responsible under the plan for administration of continuation**

coverage benefits; and, finally,

     **f.**     **The COBRA enrollment notice violates 29 C.F.R. § 2590.606-4(b)(4) because Defendant has failed to provide a notice written in a manner calculated to be understood by the average plan participant.**

     25.     Defendant's COBRA notice confused Plaintiffs, and resulted in their inability to make an informed decision as to electing COBRA continuation coverage.  Defendant's attempt to cure the above deficiencies with a follow up letter, attached as Exhibit B, only adds to the confusion.  As a result of receiving the COBRA enrollment notice, and the subsequent letter attached as Exhibit B, Plaintiffs could not make an informed decision about their health insurance and lost health coverage.

     26.     Furthermore, Defendant's deficient COBRA notice caused Plaintiffs an informational injury when Defendant failed to provide her with information to which she was entitled to by statute, namely a compliant COBRA election notice containing all information required by 29 C.F.R. § 2590.606-4(b)(4) and 29 U.S.C. § 1166(a).  Through ERISA and then COBRA, Congress created a right—the right to receive the required COBRA election notice—and an injury—not receiving a proper election notice with information required by 29 C.F.R. § 2590.606-4(b)(4) and 29 U.S.C. § 1166(a). Defendant injured Plaintiffs and the class members she represents by failing to provide all information in its notice required by COBRA.

     27.     Besides the informational injury suffered, Plaintiffs also suffered a tangible injury in the form of economic loss, specifically the loss of insurance coverage and incurred medical bills, due to Defendant's deficient COBRA election notice.  Besides a paycheck, insurance is one of the most valuable things employees get in exchange for working for an employer like Defendant.  Insurance coverage has a monetary value, the loss of which is a tangible and an economic injury.

     28.     And, not only did Plaintiffs lose their insurance coverage (which they still lack

as of the date this lawsuit was filed), during that time they incurred medical bills resulting in further economic injury, including as a result of a multiple doctor and follow-up visits related to a surgery Ms. Riddle had in late January 2018, visits which occurred through early and into mid-2018 and on.

*Plaintiff Kevin Riddle and Plaintiff Valerie Riddle*

29.     Plaintiff Kevin Riddle is former employee of Defendant and was a participant in Defendant's health plan.  Plaintiff Valerie Riddle is his wife and was also covered under Mr. Riddle's health plan, making her a plan participant/beneficiary.

30.     Plaintiff Kevin Riddle's employment was terminated on January 30, 2018. Importantly, he was not terminated for gross misconduct.

31.     Thus, when Mr. Riddle was terminated both Plaintiffs experienced a qualifying event (termination of employment) on January 30, 2018.

32.     Following this qualifying event, Defendant mailed Plaintiffs the deficient COBRA enrollment notice attached hereto as Exhibit A on February 5, 2018.    Also on February 5, 2018 Defendant mailed to Plaintiffs the attached "Important Information About Your COBRA Continuation Coverage", a copy of which is attached as Exhibit B, containing some – but not all – of the information missing from its COBRA enrollment notice.

33.     The deficient COBRA notice that Plaintiffs received was violative of COBRA's mandates for the reasons set forth in Paragraph 24 above (among other reasons).

34.     Defendant has in place no administrative remedies Plaintiffs were required to exhaust prior to bringing suit.

35.     Additionally, because no such administrative remedies exist, any attempt to exhaust the same would have been futile.

### Violation of 29 C.F.R. 29 C.F.R. § 2590.606-4(b)(4)(v)
### Failure to explain how to enroll in COBRA

36.     The governing statute clearly requires that "[t]he notice … shall be written in a manner calculated to be understood by the average plan participant and shall contain the following information:…(v) [a]n explanation of the plan's procedures for electing continuation coverage, including an explanation of the time period during which the election must be made, and the date by which the election must be made."   29 C.F.R. § 2590.606-4(b)(4)(v).

37.     As a threshold matter, Defendant's COBRA enrollment notice, Exhibit A, fails to adequately explain the procedures for electing coverage.   Likewise, Exhibit B contains no information on how to enroll in COBRA.

38.     Instead, Defendant's COBRA enrollment notice merely directs plan participants to a general phone number, and website, rather than explaining how to actually enroll in COBRA. To further compound the confusion, the Pepsi COBRA enrollment notice contains no instructions on how to actually enroll if one calls the phone number, or visits the website.  The telephone number provided by Pepsi in its COBRA enrollment notice is a "catch-all" number individuals can call with questions about anything benefit-related, including retirement funds, etc., as is the website.

39.     This "catch-all" number is actually a phone number to a third-party administrator, (an entity never identified in the COBRA notice), as is the website.

40.     A "catch-all" number provided by Defendant and then routed to a third-party call center designed to answer anything HR-related simply cannot meet the strict informational statutory requirements of 29 C.F.R. § 2590.606-4(b)(4)(v) required of all COBRA notices as to enrollment.  The same is true as to the generic website link provided.  Merely directing individuals to a website link and assuming he/she will be able to figure out how to enroll in COBRA once the

website is visited simply is very different than actually explaining how to enroll in COBRA.

41.    Unlike the Pepsi COBRA notice, the Model DOL notice provides a near fool-proof way to elect COBRA coverage by providing a physical election form to mail in, the date it is due, the name and address to where election forms should be sent, spaces for the names, social security numbers, and type of coverage elected by each plan participant or beneficiary.  (Exhibit B, p. 7).

42.    Pepsi's COBRA enrollment notice simply does not contain "an explanation of the plan's procedures for electing continuation coverage, including an explanation of the time period during which the election must be made, and the date by which the election must be made" as required by 29 C.F.R. § 2590.606-4(b)(4)(v).  Merely telling Plaintiffs and the putative class members to call a generic 1-800 number operated by a third-party and hope they are able to figure out how to enroll after they call is not what is legally required in a COBRA notice.  Instead, the notice itself must contain information on how to enroll.  Pepsi's simply does not.

### Violation of 29 C.F.R. § 2590.606-4(b)(4)(xii) – Failure to provide the address to which payments should be sent

43.    Defendant is specifically required to include in its notice the address to which payments should be sent. 29 C.F.R. § 2590.606-4(b)(4)(xii).

44.    The COBRA enrollment notice provided to Plaintiff states "Once enrolled, you'll receive your first bill for the cost of continuing coverage from the date your coverage ended through the end of the month in which you make your COBRA/continuation coverage election. You must submit your first payment within 60 days of when you elected COBRA/continuation coverage."  (Exhibit A, p. 4).  Remarkably, however, the notice fails to actually state where payments are to be sent.  This is a per se violation of 29 C.F.R. § 2590.606-4(b)(4)(xii), which on its face requires all COBRA notices include "the address to which payments should be sent."  Defendant's attempt to cure this deficiency by providing a mailing address for payment

in Exhibit B only demonstrates that Defendant knows this information must be disclosed.  But this piecemeal strategy for separating COBRA information does not comport with the law. Rather, as demonstrated by the Model DOL COBRA notice, which is a single cohesive document, 29 C.F.R. § 2590.606-4(b)(4)(xii) contemplates providing the statutorily required information in "a" COBRA notice (singular) rather than in multiple documents which must be read in conjunction with one another for plan participants/beneficiaries to glean the necessary information from.

45.   Without this information Plaintiffs are left ready and willing, but unable, to properly enroll and maintain continuation coverage.

46.   A misrepresentation is material if there is a substantial likelihood that it would mislead a reasonable employee in making an adequately informed decision. Without knowing where to send payment, Plaintiffs were misled as to how to enroll in COBRA.

47.   Because of the foregoing deficiencies, Defendant's COBRA notice is insufficient. Defendant has misled Plaintiffs about the material parameters and procedures surrounding their right to elect Cobra coverage, failing to comply with the requirements made clear by the Code of Federal Regulations.

### *Violation of 29 C.F.R. § 2590.606-4(b)(4)(xii) – Failure to Include Information On Prematurely Losing COBRA coverage*

48.   Defendant is specifically required to include in its notice the consequences of delayed payment and non-payment, as well as information on what happens if a participant becomes covered under another group health plan, becomes Medicare eligible.   29 C.F.R. § 2590.606-4(b)(4)(xii).

49.   Defendant's COBRA enrollment notice fails to include this information.  This is particularly problematic here considering that the enrollment notice also fails to include where to

mail payment.  Thus, not only were Plaintiffs and the putative class members not provided with information on where to send payment, they were deprived of the statutorily-required information on the consequences of not making the timely payments for which they had no mailing address. Providing this information piece-meal in a separate follow-up letter, Exhibit B, does not comport with the law as Plaintiff and the putative class members should not be required to read multiple letters in conjunction with each other in order to understand their rights, including where to send payment.

### *Violation of 29 C.F.R. § 2590.606-4(b)(4)(vi) – Failure to Include Explanatory Information*

50.     Defendant's COBRA enrollment notice violates 29 C.F.R. § 2590.606-4(b)(4)(vi) because it fails to provide all required explanatory information.  For example, there is simply no explanation that a qualified beneficiary's decision whether to elect continuation coverage will affect the future rights of qualified beneficiaries to portability of group health coverage, guaranteed access to individual health coverage, and special enrollment under part 7 of title I of the Act.

### *Violation of 29 C.F.R. § 2590.606-4(b)(4)(i) – Failure to Identify Plan Administrator*

51.     Plaintiffs were unable -- based on the Notice -- to ascertain the name, address and telephone number of the party responsible under the plan for the administration of continuation coverage benefits.

52.     Defendant was required to provide "in a manner calculated to be understood by the average plan participant ... the name, address and telephone number of the party responsible under the plan for administration of continuation coverage benefits." 29 C.F.R. § 2590.606-4(b)(4)(i). Defendant's Notice fails to comply with this straightforward requirement.  Nor does Exhibit B contain this information.

53.     Identifying ***who*** acted is the Plan Administrator is absolutely critical to know

because "the plan administrator bears the burden of proving that adequate COBRA notification was given to the employee." *Griffin v. Neptune Tech. Group*, 2015 U.S. Dist. LEXIS 48000, 2015 WL 1635939, *9 (M.D. Ala. Apr. 13, 2015); (*citing to Hoffman v. R.F. Group*, 2015 U.S. Dist. LEXIS 88598, *12, 2015 WL 4139084 (M.D. Fla. May 20, 2015).   Pepsi's notice omits this critical and legally required information.  This is particularly confusing in this case because while Plaintiff Kevin Riddle's pay stubs indicate he was employed by "Rolling Frito-Lay Sales, LP" the COBRA documentation Plaintiffs received are from Defendant, Pepsico.

### *Violation of 29 C.F.R. § 2590.606-4(b)(4) – Failure to Provide COBRA Notice Written in a Manner Calculated "To Be Understood By the Average Plan Participant"*

54.     By failing to adequately explain the procedures for electing coverage, as required by 29 C.F.R. § 2590.606-4(b)(4)(v), coupled with the complete omission of how to actually enroll in COBRA, where to send payment, the consequences for untimely payments, failure to include all required explanatory information, and even who the Plan Administrator is/was, Defendant cumulatively violated 29 C.F.R. § 2590.606- 4(b)(4).  This particular section mandates that employers, like Defendant, must provide a notice of continuation coverage written in a manner calculated "to be understood by the average plan participant."  Without the aforementioned critical pieces of, Defendant's COBRA notice cannot be said to be written in a manner calculated "to be understood by the average plan participant."  Thus, Defendant violated 29 C.F.R. § 2590.606- 4(b)(4)(v).

### CLASS ACTION ALLEGATIONS

55.     Plaintiffs bring this action as a class action pursuant to the Florida Rules of Civil Procedure on behalf of the following persons:

> **All participants and beneficiaries in the Defendant's Health Plan who were sent a COBRA notice by Defendant during the applicable statute of limitations period as a result of a qualifying event, as determined by**

**Defendant, who did not elect COBRA**.

56.     No administrative remedies exist as a prerequisite to Plaintiffs' claims on behalf of the Putative Class.   As such, any efforts related to exhausting such non-existent remedies would be futile.

57.     <u>Numerosity</u>: The Class is so numerous that joinder of all Class members is impracticable. On information and belief, hundreds or thousands of individuals satisfy the definition of the Class.

58.     <u>Typicality</u>: Plaintiffs' claims are typical of the Class.  The COBRA notice  that Defendant sent to Plaintiffs was a form notice that was uniformly provided to all Class members. As such, the COBRA notice that Plaintiffs received were typical of the COBRA notices that other Class Members received, and suffered from the same deficiencies.

59.     <u>Adequacy</u>: Plaintiffs will fairly and adequately protect the interests of the Class members, she has no interests antagonistic to the class, and has retained counsel experienced in complex class action litigation.

60.     <u>Commonality</u>: Common questions of law and fact exist as to all members of  the Class and predominate over any questions solely affecting individual members of the Class, including but not limited to:

     a.   Whether the Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

     b.   Whether Defendant's COBRA notice complied with the requirements of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

     c.   Whether statutory penalties should be imposed against Defendant under 29 U.S.C.  §  1132(c)(1)  for  failing  to  comply  with  COBRA  notice

requirements, and if so, in what amount;

d.  The appropriateness and proper form of any injunctive relief or other equitable relief pursuant to 29 U.S.C. § 1132(a)(3); and

e.  Whether (and the extent to which) other relief should be granted based on Defendant's failure to comply with COBRA notice requirements.

61.  Class Members do not have an interest in pursuing separate individual actions against Defendant, as the amount of each Class Member's individual claims is relatively small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices and the adequacy of its COBRA notice. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all Class Members' claims in a single action.

62.  Plaintiffs intend to send notice to all Class Members to the extent required the Florida Rules of Civil Procedure.  The names and addresses of the Class Members are available from Defendant's records, as well as from Defendant's third-party administrator, Alight.

### CLASS CLAIM I FOR RELIEF
*Violation of 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4*

63.  The Plan is a group health plan within the meaning of 29 U.S.C. § 1167(1).

64.  Defendant is the sponsor and administrator of the Plan, and was subject to the continuation of coverage and notice requirements of COBRA.

65.  Plaintiffs and the other members of the Class experienced a "qualifying event" as defined by 29 U.S.C. § 1163, and Defendant was aware that they had experienced such a qualifying event.

66.     On account of such qualifying event, Defendant sent Plaintiffs and the Class Members a COBRA notice in the form attached hereto as Exhibit A.

67.     The COBRA notice that Defendant sent to Plaintiffs and other Class Members violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4 for the reasons set forth in Paragraph 24 above (among other reasons).  These documents are attached as Exhibits A and B.

68.     These violations were material and willful.

69.     Defendant knew that its notice was inconsistent with the Secretary of Labor's Model Notice and failed to comply with 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4, but chose to use a non-compliant notice in deliberate or reckless disregard of the rights of Plaintiffs and other Class Members.

## **PRAYER FOR RELIEF**

*WHEREFORE*, Plaintiffs, individually and on behalf of the Class, pray for relief as follows:

a.     Designating Plaintiffs' counsel as counsel for the Class;

b.     Issuing proper notice to the Class at Defendant's expense;

c.     Declaring that the COBRA notice sent by Defendant to Plaintiffs and other Class Members violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

d.     Awarding appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including but not limited to an order enjoining Defendant from continuing to use its defective COBRA notice and requiring Defendant to send corrective notices;

e.     Awarding statutory penalties to the Class pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per day for each Class Member who was sent a defective COBRA notice by Defendant;

18

f. Awarding attorneys' fees, costs and expenses to Plaintiffs' counsel as provided by 29 U.S.C. § 1132(g)(1) and other applicable law; and

g. Granting such other and further relief, in law or equity, as this Court deems appropriate.

h. Designating Plaintiffs' counsel as counsel for the Class;

i. Issuing proper notice to the Class at Defendant's expense;

j. Declaring that the COBRA notice sent by Defendant to Plaintiffs and other Class Members violated 29 U.S.C. § 1166(a) and 29 C.F.R. § 2590.606-4;

k. Awarding appropriate equitable relief pursuant to 29 U.S.C. § 1132(a)(3), including but not limited to an order enjoining Defendant from continuing to use its defective COBRA notice and requiring Defendant to send corrective notices;

l. Awarding statutory penalties to the Class pursuant to 29 U.S.C. § 1132(c)(1) and 29 C.F.R. § 2575.502c-1 in the amount of $110 per day for each Class Member who was sent a defective COBRA notice by Defendant;

m. Awarding attorneys' fees, costs and expenses to Plaintiffs' counsel as provided by 29 U.S.C. § 1132(g)(1) and other applicable law; and

n. Granting such other and further relief, in law or equity, as this Court deems appropriate.

Dated this 17th day of January, 2019.

Respectfully submitted,

*/s/Brandon J. Hill*
**BRANDON J. HILL**
Florida Bar Number: 37061
Direct No.: 813-337-7992
**LUIS A. CABASSA**
Florida Bar Number: 053643
Direct No.: 813-379-2565
**WENZEL FENTON CABASSA, P.A.**
1110 North Florida Ave., Suite 300
Tampa, Florida 33602
Main No.: 813-224-0431
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: bhill@wfclaw.com
**Attorneys for Plaintiffs**

# EXHIBIT A



Statement Date: February 5, 2018


myHR™
www.yourbenefitsresources.com/pepsico

A001135

KEVIN RIDDLE AND FAMILY

# COBRA/Continuation Coverage Enrollment Notice

This notice contains important information about your right to continue your health coverage, as well as other health coverage alternatives that may be available to you through the Health Insurance Marketplace at **www.HealthCare.gov** or by calling 1-800-318-2596. You may be able to get coverage through the Health Insurance Marketplace that costs less than COBRA continuation coverage. Please read the information contained in this notice very carefully and keep it for your records.

As a result of your Termination on **January 30, 2018**, your current group health plan coverage ends as listed in the following table. You may choose to remain covered under your current group health plan for up to **18 months**. This coverage is provided through the Consolidated Omnibus Budget Reconciliation Act and is often referred to as "COBRA" coverage.

If elected, COBRA/continuation coverage will begin as listed below.

| Group Health Plan | Coverage End Date | COBRA Coverage Begin Date |
|---|---|---|
| Medical | 01-30-2018 | 01-31-2018 |
| Dental | 01-30-2018 | 01-31-2018 |
| Vision | 01-30-2018 | 01-31-2018 |

The cost of COBRA/continuation coverage depends on the coverage you select and whom you cover. Detailed cost information is provided in the Group Health Coverage section of this notice.



## Enrollment

To enroll in COBRA/continuation coverage, access myHR™ website at **www.yourbenefitsresources.com/pepsico** or call the HR Service Center at **1-866-HR-FOR-ME (1-866-473-6763)** no later than **April 13, 2018**. You can enroll yourself and your covered family members. If you don't enroll within that time frame, you forfeit your rights to COBRA/continuation coverage.

Each qualified beneficiary has a separate right to elect COBRA/continuation coverage. The Family Information page lists each of your covered family members and indicates which individuals are qualified beneficiaries.

## Group Health Coverage

Below are the coverage options available to you and the monthly cost of each option for the remainder of the current Plan year. The Family Information section of this notice lists your dependents currently on file. Only those dependents who were covered prior to the qualifying event may continue coverage under a particular group health plan.

### ▪ Medical

|        |                   |                     | Coverage Category    |                          |
| ------ | ----------------- | ------------------- | -------------------- | ------------------------ |
| Option |                   | 1<br>You Only       | 2<br>You + 1         | 3<br>You + 2 or<br>more  |
| 0      | Waive             | $0.00               | $0.00                | $0.00                    |
| 82     | Core Plus - BCBS  | $440.02             | $941.65              | $1,452.07                |

### ▪ Dental

|        |                         |                     | Coverage Category    |                          |
| ------ | ----------------------- | ------------------- | -------------------- | ------------------------ |
| Option |                         | 1<br>You Only       | 2<br>You + 1         | 3<br>You + 2 or<br>more  |
| 0      | Waive                   | $0.00               | $0.00                | $0.00                    |
| 2      | MetLife Enhanced Dental | $35.10              | $70.09               | $133.32                  |

▪ **Vision**

| Option | | Coverage Category | | |
|---|---|---|---|---|
| | | 1<br>You Only | 2<br>You + 1 | 3<br>You + 2 or more |
| 0 | Waive | $0.00 | $0.00 | $0.00 |
| 1 | EyeMed Vision Care | $4.50 | $7.91 | $13.21 |

## Employee Assistance Program

If you were eligible for Employee Assistance Program (EAP) coverage upon the occurrence of your qualifying event you'll be eligible to continue EAP coverage after the qualifying event for a period of time equal to the applicable COBRA/continuation coverage period. This limited continuation of EAP coverage will be your COBRA/continuation coverage for EAP. No COBRA/continuation coverage election or payment of premiums is necessary to obtain this continuation of EAP coverage.

## Events That May Change Continued Coverage

Once your COBRA/continuation coverage begins, you may be able to change your COBRA/continuation coverage elections based on Plan rules if you experience a qualified change in status. You must notify the HR Service Center by calling **1-866-HR-FOR-ME (1-866-473-6763)** within 31 days of the qualified change in status to change your COBRA/continuation coverage. See the Plan's Summary Plan Description for detailed information on allowable changes in status. A copy of the Summary Plan Description is available at www.pepsicoemployee.com. Adding family members to COBRA/continuation coverage may result in a higher premium for this additional coverage.

You may also change COBRA/continuation coverage if a child is born to the covered employee or placed for adoption with the covered employee during the 18-, 29-, or 36-month continuation period. In such case, you must notify the HR Service Center by calling **1-866-HR-FOR-ME (1-866-473-6763)** within 31 days of the birth or placement to cover the new dependent as a qualified beneficiary under COBRA/continuation coverage. There may be a higher premium for this additional coverage.

### California Residents

If you're covered by a fully insured California health plan, you may be eligible for an additional 18 months of continued coverage under that health plan once your federal COBRA coverage ends. This coverage is provided through the California Continuation Benefits Replacement Act (Cal-COBRA). Contact the health plan insurer directly for additional information once your federal COBRA coverage ends.

Please examine your options carefully before declining this coverage. You should be aware that companies selling individual health insurance typically require a review of your medical history that could result in a higher premium or you could be denied coverage entirely.



## When Coverage Ends

COBRA/continuation coverage will end automatically as detailed below.

| Group Health Plan | COBRA Coverage End Date |
|---|---|
| Medical | 07-30-2019 |
| Dental | 07-30-2019 |
| Vision | 07-30-2019 |

In addition, COBRA/continuation coverage will end automatically if any of the following situations occur:

- PepsiCo stops providing group health benefits
- Premiums aren't paid within 60 of the due date
- A person eligible for continued benefits becomes covered under any other group health plan (unless the health plan has an enforceable preexisting condition clause) or becomes entitled to Medicare.

## Billing Information

Once enrolled, you'll receive your first bill for the cost of continuing your coverage from the date your coverage ended through the end of the month in which you make your COBRA/continuation coverage election. You must submit your first payment within 60 days of when you elected COBRA/continuation coverage.

Following your first payment, you'll be billed on the first of each month for the cost of your benefit coverage. If you fail to submit monthly payments within 60 days of the due date, your coverage will end retroactive to the last day of the last month for which a payment was received. Any payments deposited after coverage was dropped will be refunded and won't extend your coverage.

## Convenient Payment Options

Consider having your payment automatically deducted from your checking or savings account with direct debit-it's fast and easy. Provide your account information when you enroll to authorize PepsiCo and your financial institution to start the direct debit payment process and to authorize credits to your account as may be necessary to issue refunds when benefit coverage ends. If you want to receive a paper refund check instead, access myHR™ at www.yourbenefitsresources.com/pepsico or call the HR Service Center.

All future payments will be taken from your account on the first of the month. If the first of the month falls on a weekend or bank holiday, the payment occurs the next business day. You'll no longer receive paper bills. Your bank statement serves as your confirmation of payment. If your payment amount changes, you'll receive a notice at least 10 days before the next scheduled payment. You may stop using direct debit at any time.

To make a direct debit payment, access myHR™ or call the HR Service Center.

## Other Coverage Options

There may be other coverage, more affordable coverage options for you and your family through the Health Insurance Marketplace, Medicaid, or other group health plan coverage options (such as a spouse's plan) through what is called a "special enrollment period", even if the Plan generally doesn't accept late enrollees. In the Marketplace, you could be eligible for a new kind of tax credit that lowers your monthly premiums right away, and you can see what your premium, deductibles, and out-of-pocket costs will be before you make a decision to enroll. Being eligible for COBRA doesn't limit your eligibility for coverage for a tax credit through the Marketplace.

You should compare your other coverage options with COBRA continuation coverage and choose the coverage that is best for you. For example, if you move to other coverage, you may pay more out of pocket than you would under COBRA, because the new coverage may impose a new deductible.

When you lose job-based health coverage, it's important that you choose carefully between COBRA continuation coverage and other coverage options, because once you've made your choice, it can be difficult or impossible to switch to another coverage option.

More information on health insurance options through the Marketplace can be found at **www.HealthCare.gov**.

## Address Information

Be sure to keep your current address information up to date with the HR Service Center by calling **1-866-HR-FOR-ME (1-866-473-6763)**. Doing so is the only way to ensure that important benefit information will reach you.

## For More Information

If you need additional information, access myHR™ at **www.yourbenefitsresources.com/pepsico** or call the HR Service Center toll-free at **1-866-HR-FOR-ME (1-866-473-6763)** or outside the U.S. call **718-354-1339**. Representatives are available between 8 a.m. and 5 p.m., Central Time, Monday through Friday.

**Mail:** HR Service Center
4 Overlook Point
P.O. Box 1553
Lincolnshire, IL 60069-1553



## Family Information

Below is the information on file for you and your dependents. To protect your privacy, Social Security numbers aren't shown. The Qualified Beneficiary row indicates dependents who are considered qualified beneficiaries. Qualified beneficiaries have independent COBRA/continuation coverage election rights and can elect to continue group health plan coverage for themselves if you decline coverage.

### ■ Person Information

|  | You | Dependent No. 1 |
|---|---|---|
| Name | KEVIN RIDDLE | Valerie L. RIDDLE |
| Birth Date | 03-09-1965 | 09-09-1974 |
| Gender | Male | Female |
| Relationship | -- | Spouse |
| Disabled Dependent | -- | |
| Qualified Beneficiary | -- | Yes |

### ■ Coverage Information

|  | You | Dependent No. 1 |
|---|---|---|
| Medical | Yes | Yes |
| Dental | Yes | Yes |
| Vision | Yes | Yes |

myHR™ is a trademark of Alight Solutions LLC.

332910093 01698-A001135

# EXHIBIT B

 **PEPSICO**

Statement Date: February 5, 2018

 **myHR**™
www.yourbenefitsresources.com/pepsico

A001135

KEVIN RIDDLE

# Important Information About Your COBRA Continuation Coverage Rights

The information in this notice will help you understand and use your benefits under the federal Consolidated Omnibus Budget Reconciliation Act (COBRA). **This notice has important information about your right to continue your health care coverage in PepsiCo plan, as well as other health coverage options that may be available to you, including coverage through the Health Insurance Marketplace at www.HealthCare.gov or by calling 1-800-318-2596. You may be able to get coverage through the Health Insurance Marketplace that costs less than COBRA continuation coverage.** Please read the information in this notice very carefully before you make your decision.

## What Is COBRA Continuation Coverage?

Federal law requires that most group health plans (including PepsiCo plan) give employees and their families the opportunity to continue their health care coverage when there is a "qualifying event" that would result in a loss of coverage under PepsiCo plan.

Depending on the type of qualifying event, "qualified beneficiaries" can include employees, retirees, their spouses, and their dependent children covered by PepsiCo plan.

COBRA continuation coverage is the same coverage that PepsiCo plan gives to other plan participants who are not receiving continuation coverage. Each qualified beneficiary who elects continuation coverage will have the same rights under PepsiCo plan as other plan participants, including open enrollment and special enrollment rights.



## How Long Will Continuation Coverage Last?

| Length of COBRA Coverage | Up to 18 months | Up to 29 months | Up to 36 months |
|---|---|---|---|
| Eligibility | • Employee<br>• Retiree<br>• Covered spouse<br>• Other covered dependents | • Employee<br>• Covered spouse<br>• Other covered dependents | • Covered spouse<br>• Other covered dependents |

| Length of COBRA Coverage | Up to 18 months | Up to 29 months | Up to 36 months |
|---|---|---|---|
| Qualifying Event(s) | Loss of coverage due to:<br><br>• End of employment<br>• Reduction in hours of employment | • Individual(s) must be enrolled in COBRA and deemed disabled by the Social Security Administration prior to the initial qualifying event, or at any time during the first 60 days of COBRA continuation coverage. | Loss of coverage due to:<br><br>• Divorce or legal separation<br>• The loss of a dependent child's eligibility for health care coverage under the employer's plan<br>• The employee's Medicare entitlement<br>• The employee's death |

When the qualifying event is the end of the employment or reduction of the employee's hours of employment, and the employee became entitled to Medicare benefits less than 18 months before the qualifying event, COBRA continuation coverage for qualified beneficiaries, other than the employee, lasts until 36 months after the date of Medicare entitlement. This notice shows the maximum period of continuation coverage available to the qualified beneficiaries.

Continuation coverage will be terminated before the end of the maximum period if:

* Any required premium is not paid in full on time;
* A qualified beneficiary becomes covered, after electing continuation coverage, under another group health plan;
* A qualified beneficiary becomes entitled to Medicare benefits (under Part A, Part B, or both) after electing continuation coverage; or
* The employer ceases to provide any group health plan for its employees.

Continuation coverage may also be terminated for any reason PepsiCo plan would terminate coverage of a participant or beneficiary not receiving continuation coverage (such as fraud).

Case 7:19-cv-03634-VB   Document 33   Filed 05/16/19   Page 31 of 44

## How Can You Extend the Length of COBRA Continuation Coverage?

If you elect continuation coverage, an extension of the maximum period of coverage may be available if a qualified beneficiary is disabled or a second qualifying event occurs. You must notify the HR Service Center of a disability or a second qualifying event in order to extend the period of continuation coverage. Failure to provide notice of a disability or second qualifying event may affect the right to extend the period of continuation coverage.

### Disability

COBRA coverage may be available for your family for up to 29 months at a higher premium if all these events occur:

- You, your covered spouse, or your covered dependents (including newborn and newly adopted children) are determined to be disabled, as defined by the Social Security Act, prior to the qualifying event or during the first 60 days of COBRA coverage.

- The Social Security Administration's (SSA) disability determination is received within the disabled individual's 18 months of COBRA coverage.

- The disability lasts at least until the end of the 18-month period of continuation coverage and the HR Service Center is notified of the SSA's disability determination within 60 days of the disabled qualified beneficiary's Social Security Disability award being received. If the disability determination occurred before COBRA coverage started, you're required to notify the HR Service Center within the first 60 days of COBRA coverage.

Each covered family member who has elected continuation coverage will be entitled to the 11-month disability extension if one covered family member qualifies. To receive the coverage extension, you, your covered spouse, or your covered dependents must notify the HR Service Center at **1-866-HR-FOR-ME**.

If the disabled individual is determined by the SSA to no longer be disabled, you, your covered spouse, or your covered dependents must notify the HR Service Center within 30 days after SSA's determination by calling **1-866-HR-FOR-ME**.

### Second Qualifying Event

An 18-month extension of coverage will be available to spouses and dependent children who elect continuation coverage if a second qualifying event occurs during their first 18 months of COBRA continuation coverage. The maximum amount of continuation coverage available when a second qualifying event occurs is 36 months. These second qualifying events include:

- The employee's death;
- The employee's entitlement to Medicare (under part A, Part B or both);
- The employee's divorce or legal separation; and
- A dependent's loss of coverage under PepsiCo-provided health plan.

These events can be a second qualifying event only if they would have caused the qualified beneficiary to lose coverage under PepsiCo plan if the first qualifying event had not occurred. You must notify the Plan within 60 days after a second qualifying event occurs if you want to extend your continuation coverage.

### California Residents

If you're covered by a fully insured California health plan, you may be eligible for an additional 18 months of COBRA coverage under that health plan once your federal COBRA coverage ends. This coverage is provided through the California Continuation Benefits Replacement Act (Cal-COBRA). Contact the health plan directly for more information once your federal COBRA coverage ends.

332910093 01698-A001135



If you do not make your first payment for continuation coverage, in full, not later than 45 days after the date of your election, you will lose all continuation coverage rights under PepsiCo plan. You are responsible for making sure that the amount of your first payment is correct. You will receive a Billing Notice confirming the amount of the payment. Contact the HR Service Center at **1-866-HR-FOR-ME** if you have questions about your first payment.

Payments should be sent to:

PEPSICO
P.O. BOX 0598
CAROL STREAM IL 60132-0598

**Periodic Payments for Continuation Coverage**
After you make your first payment for continuation coverage, you will be required to make periodic payments for each subsequent coverage period. The amount due for each coverage period for each qualified beneficiary is shown on the COBRA Enrollment Notice.

The periodic payments can be made on a monthly basis. Under PepsiCo plan, each of these periodic payments for continuation coverage is due as described on the COBRA Enrollment Notice. If you make a periodic payment on or before the first day of the coverage period to which it applies, your coverage under PepsiCo plan will continue for that coverage period without a break. You will receive a Billing Notice each period that lists the amount due for the coverage period.

**Grace Periods for Monthly Payments**
Although monthly payments are due on the due date, you'll be given a grace period after the first day of the coverage period to make each monthly payment. The due date and the length of the grace period are listed on the COBRA Enrollment Notice.

Your continuation coverage will be provided for each coverage period as long as payment for that period is made before the end of the grace period for that payment. However, if you make a monthly payment later than the first day of the coverage period to which it applies, but before the end of the grace period for the coverage period, your coverage under PepsiCo plan will be suspended as of the first day of the coverage period and then retroactively reinstated going back to the first day of the coverage period when the monthly payment is received. This means that any claim you submit for benefits while your coverage is suspended may be denied and may have to be resubmitted once your coverage is reinstated.

If you fail to make a monthly payment before the end of the grace period for that coverage period, you will lose all rights to continuation coverage under PepsiCo plan.

## When is COBRA Coverage Effective?
Once you enroll in COBRA coverage and make your first payment, coverage is effective retroactive to the date your group health coverage ended.

332910093 01698-A001135 

## Other Coverage Options

There may be other, more affordable coverage options for you and your family through the Health Insurance Marketplace, Medicaid, or other group health plan coverage options (such as a spouse's plan), through what is called a "special enrollment period." By enrolling in coverage through the Marketplace, you may qualify for lower costs on your monthly premiums and lower out-of-pocket costs. Additionally, you may qualify for a 30-day special enrollment period for another group health plan for which you are eligible (such as a spouse's plan), even if that plan generally doesn't accept late enrollees. Some of these options may cost less than COBRA continuation coverage. You can learn more about many of these options at **www.HealthCare.gov**.

You should compare your other coverage options with COBRA continuation coverage and choose the coverage that is best for you. For example, if you move to other coverage, you may pay more out of pocket than you would under COBRA, because the new coverage may impose a new deductible.

When you lose job-based health coverage, it's important that you choose carefully between COBRA continuation coverage and other coverage options, because once you've made your choice, it can be difficult or impossible to switch to another coverage option.

### What is the Health Insurance Marketplace?
The Marketplace offers "one-stop shopping" to find and compare private health insurance options. Through the Marketplace, you'll also learn if you qualify for free or low-cost coverage from Medicaid or the Children's Health Insurance Program (CHIP). You can access the Marketplace for your state at **www.HealthCare.gov**.

### When can I enroll in Marketplace coverage?
You always have 60 days from the time you lose your job-based coverage to enroll in the Marketplace. That is because losing your job-based health coverage is a "special enrollment" event. **After 60 days, your special enrollment period will end and you may not be able to enroll, so you should take action right away.** In addition, during what is called an "open enrollment" period, anyone can enroll in Marketplace coverage.

To find out more about enrolling in the Marketplace, such as when the next open enrollment period will be and what you need to know about qualifying events and special enrollment periods, visit **www.HealthCare.gov**.

### If I sign up for COBRA continuation coverage, can I switch to coverage in the Marketplace? What about if I choose Marketplace coverage and want to switch back to COBRA continuation coverage?
If you sign up for COBRA continuation coverage, you can switch to a Marketplace plan during a Marketplace open enrollment period. You can also end your COBRA continuation coverage early and switch to a Marketplace plan if you have another qualifying event, such as marriage or birth of a child through something called a "special enrollment period." But be careful - if you terminate your COBRA continuation coverage early without another qualifying event, you'll have to wait to enroll in Marketplace coverage until the next open enrollment period, and could end up without any health coverage in the interim.

Once you've exhausted your COBRA continuation coverage and the coverage expires, you'll be eligible to enroll in Marketplace coverage through a special enrollment period, even if Marketplace open enrollment has ended.

If you sign up for Marketplace coverage instead of COBRA continuation coverage, you cannot switch to COBRA continuation coverage under any circumstances.

### Can I enroll in another group health plan?
You may be eligible to enroll in coverage under another group health plan (like a spouse's plan), if you request enrollment within 30 days of the loss of coverage.

If you or your dependent elect COBRA continuation coverage instead of enrolling in another group health plan for which you're eligible, you'll have another opportunity to enroll in the other group health plan within 30 days of losing your COBRA continuation coverage.

**What factors should I consider when choosing coverage options?**
When considering your options for health coverage, you may want to think about:

- **Premiums**: Your previous plan can charge up to 102% of total plan premiums for COBRA coverage. Other options, like coverage on a spouse's plan or through the Marketplace, may be less expensive.

- **Provider Networks**: If you're currently getting care or treatment for a condition, a change in your health coverage may affect your access to a particular health care provider. You may want to check to see if your current health care providers participate in a network, as you consider options for health coverage.

- **Drug Formularies**: If you're currently taking medication, a change in your health coverage may affect your costs for medication – and in some cases, your medication may not be covered by another plan. You may want to check to see if your current medications are listed in drug formularies for other health coverage.

- **Severance Payments**: If you lost your job and got a severance package from your former employer, your former employer may have offered to pay some or all of your COBRA payments for a period of time. In this scenario, you may want to contact the Department of Labor at 1-866-444-3272 to discuss your options.

- **Service Areas**: Some plans limit their benefits to specific service or coverage areas – so if you move to another area of the country, you may not be able to use your benefits. You may want to see if your plan has a service or coverage area, or other similar limitations.

- **Other Cost Sharing**: In addition to premiums or contributions for health coverage, you probably pay copayments, deductibles, coinsurance, or other amounts as you use your benefits. You may want to check to see what the cost-sharing requirements are for other health coverage options. For example, one option may have much lower monthly premiums, but a much higher deductible and higher copayments.

More information on health insurance options through the Marketplace can be found at **www.HealthCare.gov**.

## Questions?

This notice does not fully describe continuation coverage or other rights under PepsiCo plan. More information about continuation coverage and your rights under PepsiCo plan is available in your Summary Plan Description or from the HR Service Center.

If you have any questions concerning the information in this notice or your rights to coverage, you should contact the HR Service Center at **1-866-HR-FOR-ME**. If you want a copy of your summary plan description, contact PepsiCo.

For more information about your rights under ERISA, including COBRA, the Health Insurance Portability and Accountability Act (HIPAA), and other laws affecting group health plans, visit the U.S. Department of Labor's Employee Benefits Security Administration (EBSA) website at **www.dol.gov/ebsa** or call their toll-free number at 1-866-444-3272. For more information about health insurance options available through a Health Insurance Marketplace, visit **www.HealthCare.gov**.



## Keep Your Plan Informed of Address Changes

In order to protect your and your family's rights, you should keep the HR Service Center informed of any changes in your address and the addresses of family members. You should also keep a copy, for your records, of any notices you send to or receive from the HR Service Center.

## For More Information

If you need additional information, access myHR™ through **www.yourbenefitsresources.com/pepsico.** myHR™ is available 24 hours a day, Monday through Saturday, and after 12 p.m. Central Time, on Sunday. You can also call the HR Service Center toll-free at **1-866-HR-FOR-ME (1-866-473-6763)** or outside the U.S. call **718-354-1339.** Representatives are available between 8 a.m. and 5 p.m., Central Time, Monday through Friday.

myHR™ is a trademark of Alight Solutions LLC.

332910093 01698-A001135

# EXHIBIT C

## Model COBRA Continuation Coverage Election Notice
### Instructions

The Department of Labor has developed a model Consolidated Omnibus Budget Reconciliation Act of 1985 (COBRA) continuation coverage election notice that the Plan may use to provide the election notice. To use this model election notice properly, the Plan Administrator must fill in the blanks with the appropriate plan information. The Department considers use of the model election notice to be good faith compliance with the election notice content requirements of COBRA. The use of the model notices isn't required. The model notices are provided to help facilitate compliance with the applicable notice requirements.

**NOTE:** Plans do *not* need to include this instruction page with the model election notice.

### Paperwork Reduction Act Statement

According to the Paperwork Reduction Act of 1995 (Pub. L. 104-13) (PRA), no persons are required to respond to a collection of information unless such collection displays a valid Office of Management and Budget (OMB) control number. The Department notes that a Federal agency cannot conduct or sponsor a collection of information unless it is approved by OMB under the PRA, and displays a currently valid OMB control number, and the public is not required to respond to a collection of information unless it displays a currently valid OMB control number. See 44 U.S.C. 3507. Also, notwithstanding any other provisions of law, no person shall be subject to penalty for failing to comply with a collection of information if the collection of information does not display a currently valid OMB control number. See 44 U.S.C. 3512.

The public reporting burden for this collection of information is estimated to average approximately four minutes per respondent. Interested parties are encouraged to send comments regarding the burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the U.S. Department of Labor, Office of Policy and Research, Attention: PRA Clearance Officer, 200 Constitution Avenue, N.W., Room N-5718, Washington, DC 20210 or email ebsa.opr@dol.gov and reference the OMB Control Number 1210-0123.

OMB Control Number 1210-0123 (expires 12/31/2019)]

## Model COBRA Continuation Coverage Election Notice
### (For use by single-employer group health plans)

**IMPORTANT INFORMATION: COBRA Continuation Coverage and other Health Coverage Alternatives**

[*Enter date of notice*]

Dear: [*Identify the qualified beneficiary(ies), by name or status*]

**This notice has important information about your right to continue your health care coverage in the [*enter name of group health plan*] (the Plan), as well as other health coverage options that may be available to you, including coverage through the Health Insurance Marketplace at <u>www.HealthCare.gov</u> or call 1-800-318-2596.   You may be able to get coverage through the Health Insurance Marketplace that costs less than COBRA continuation coverage.** Please read the information in this notice very carefully before you make your decision.  If you choose to elect COBRA continuation coverage, you should use the election form provided later in this notice.

**Why am I getting this notice?**

You're getting this notice because your coverage under the Plan will end on [*enter date*] due to [*check appropriate box*]:

|  |  |
|---|---|
| ☐ End of employment | ☐ Reduction in hours of employment |
| ☐ Death of employee | ☐ Divorce or legal separation |
| ☐ Entitlement to Medicare | ☐ Loss of dependent child status |

Federal law requires that most group health plans (including this Plan) give employees and their families the opportunity to continue their health care coverage through COBRA continuation coverage when there's a "qualifying event" that would result in a loss of coverage under an employer's plan.

**What's COBRA continuation coverage?**

COBRA continuation coverage is the same coverage that the Plan gives to other participants or beneficiaries who aren't getting continuation coverage.  Each "qualified beneficiary" (described below) who elects COBRA continuation coverage will have the same rights under the Plan as other participants or beneficiaries covered under the Plan.

**Who are the qualified beneficiaries?**

Each person ("qualified beneficiary") in the category(ies) checked below can elect COBRA continuation coverage:

1

☐ Employee or former employee
☐ Spouse or former spouse
☐ Dependent child(ren) covered under the Plan on the day before the event that caused
   the loss of coverage
☐ Child who is losing coverage under the Plan because he or she is no
   longer a dependent under the Plan

**Are there other coverage options besides COBRA Continuation Coverage?**

Yes. Instead of enrolling in COBRA continuation coverage, there may be other more affordable coverage options for you and your family through the Health Insurance Marketplace, Medicaid, or other group health plan coverage options (such as a spouse's plan) through what is called a "special enrollment period." Some of these options may cost less than COBRA continuation coverage.

You should compare your other coverage options with COBRA continuation coverage and choose the coverage that is best for you. For example, if you move to other coverage you may pay more out of pocket than you would under COBRA because the new coverage may impose a new deductible.

When you lose job-based health coverage, it's important that you choose carefully between COBRA continuation coverage and other coverage options, because once you've made your choice, it can be difficult or impossible to switch to another coverage option.

**If I elect COBRA continuation coverage, when will my coverage begin and how long will the coverage last?**

If elected, COBRA continuation coverage will begin on [*enter date*] and can last until [*enter date*].
[*Add, if appropriate:* You may elect any of the following options for COBRA continuation coverage: [*list available coverage options*].
Continuation coverage may end before the date noted above in certain circumstances, like failure to pay premiums, fraud, or the individual becomes covered under another group health plan.

**Can I extend the length of COBRA continuation coverage?**

If you elect continuation coverage, you may be able to extend the length of continuation coverage if a qualified beneficiary is disabled, or if a second qualifying event occurs. You must notify [*enter name of party responsible for COBRA administration*] of a disability or a second qualifying event within a certain time period to extend the period of continuation coverage. If you don't provide notice of a disability or second qualifying event within the required time period, it will affect your right to extend the period of continuation coverage.

For more information about extending the length of COBRA continuation coverage visit http://www.dol.gov/ebsa/publications/cobraemployee.html.

2

**How much does COBRA continuation coverage cost?**

COBRA continuation coverage will cost: [*enter amount each qualified beneficiary will be required to pay for each option per month of coverage and any other permitted coverage periods.*]

Other coverage options may cost less. If you choose to elect continuation coverage, you don't have to send any payment with the Election Form. Additional information about payment will be provided to you after the election form is received by the Plan. Important information about paying your premium can be found at the end of this notice.

**You may be able to get coverage through the Health Insurance Marketplace that costs less than COBRA continuation coverage.** You can learn more about the Marketplace below.

**What is the Health Insurance Marketplace?**

The Marketplace offers "one-stop shopping" to find and compare private health insurance options. In the Marketplace, you could be eligible for a new kind of tax credit that lowers your monthly premiums and cost-sharing reductions (amounts that lower your out-of-pocket costs for deductibles, coinsurance, and copayments) right away, and you can see what your premium, deductibles, and out-of-pocket costs will be before you make a decision to enroll. Through the Marketplace you'll also learn if you qualify for free or low-cost coverage from Medicaid or the Children's Health Insurance Program (CHIP). You can access the Marketplace for your state at www.HealthCare.gov.

Coverage through the Health Insurance Marketplace may cost less than COBRA continuation coverage. Being offered COBRA continuation coverage won't limit your eligibility for coverage or for a tax credit through the Marketplace.

**When can I enroll in Marketplace coverage?**

You always have 60 days from the time you lose your job-based coverage to enroll in the Marketplace. That is because losing your job-based health coverage is a "special enrollment" event. **After 60 days your special enrollment period will end and you may not be able to enroll, so you should take action right away.** In addition, during what is called an "open enrollment" period, anyone can enroll in Marketplace coverage.

To find out more about enrolling in the Marketplace, such as when the next open enrollment period will be and what you need to know about qualifying events and special enrollment periods, visit www.HealthCare.gov.

**If I sign up for COBRA continuation coverage, can I switch to coverage in the Marketplace? What about if I choose Marketplace coverage and want to switch back to COBRA continuation coverage?**

3

If you sign up for COBRA continuation coverage, you can switch to a Marketplace plan during a Marketplace open enrollment period. You can also end your COBRA continuation coverage early and switch to a Marketplace plan if you have another qualifying event such as marriage or birth of a child through something called a "special enrollment period." But be careful though - if you terminate your COBRA continuation coverage early without another qualifying event, you'll have to wait to enroll in Marketplace coverage until the next open enrollment period, and could end up without any health coverage in the interim.

Once you've exhausted your COBRA continuation coverage and the coverage expires, you'll be eligible to enroll in Marketplace coverage through a special enrollment period, even if Marketplace open enrollment has ended.

If you sign up for Marketplace coverage instead of COBRA continuation coverage, you cannot switch to COBRA continuation coverage under any circumstances.

**Can I enroll in another group health plan?**

You may be eligible to enroll in coverage under another group health plan (like a spouse's plan), if you request enrollment within 30 days of the loss of coverage.

If you or your dependent chooses to elect COBRA continuation coverage instead of enrolling in another group health plan for which you're eligible, you'll have another opportunity to enroll in the other group health plan within 30 days of losing your COBRA continuation coverage.

**What factors should I consider when choosing coverage options?**

When considering your options for health coverage, you may want to think about:

- <u>Premiums</u>: Your previous plan can charge up to 102% of total plan premiums for COBRA coverage. Other options, like coverage on a spouse's plan or through the Marketplace, may be less expensive.
- <u>Provider Networks</u>: If you're currently getting care or treatment for a condition, a change in your health coverage may affect your access to a particular health care provider. You may want to check to see if your current health care providers participate in a network as you consider options for health coverage.
- <u>Drug Formularies</u>: If you're currently taking medication, a change in your health coverage may affect your costs for medication – and in some cases, your medication may not be covered by another plan. You may want to check to see if your current medications are listed in drug formularies for other health coverage.
- <u>Severance payments</u>: If you lost your job and got a severance package from your former employer, your former employer may have offered to pay some or all of your COBRA payments for a period of time. In this scenario, you may want to contact the Department of Labor at 1-866-444-3272 to discuss your options.
- <u>Service Areas</u>: Some plans limit their benefits to specific service or coverage areas – so if you move to another area of the country, you may not be able to use your benefits. You may want to see if your plan has a service or coverage area, or other similar limitations.

- Other Cost-Sharing: In addition to premiums or contributions for health coverage, you probably pay copayments, deductibles, coinsurance, or other amounts as you use your benefits. You may want to check to see what the cost-sharing requirements are for other health coverage options. For example, one option may have much lower monthly premiums, but a much higher deductible and higher copayments.

**For more information**

This notice doesn't fully describe continuation coverage or other rights under the Plan. More information about continuation coverage and your rights under the Plan is available in your summary plan description or from the Plan Administrator.

If you have questions about the information in this notice, your rights to coverage, or if you want a copy of your summary plan description, contact [*enter name of party responsible for COBRA administration for the Plan, with telephone number and address*].

For more information about your rights under the Employee Retirement Income Security Act (ERISA), including COBRA, the Patient Protection and Affordable Care Act, and other laws affecting group health plans, visit the U.S. Department of Labor's Employee Benefits Security Administration (EBSA) website at http://www.dol.gov/ebsa or call their toll-free number at 1-866-444-3272. For more information about health insurance options available through the Health Insurance Marketplace, and to locate an assister in your area who you can talk to about the different options, visit www.HealthCare.gov.

**Keep Your Plan Informed of Address Changes**

To protect your and your family's rights, keep the Plan Administrator informed of any changes in your address and the addresses of family members. You should also keep a copy of any notices you send to the Plan Administrator.

## COBRA Continuation Coverage Election Form

**Instructions:** To elect COBRA continuation coverage, complete this Election Form and return it to us. Under federal law, you have 60 days after the date of this notice to decide whether you want to elect COBRA continuation coverage under the Plan.

Send completed Election Form to: *[Enter Name and Address]*

This Election Form must be completed and returned by mail *[or describe other means of submission and due date]*. If mailed, it must be post-marked no later than *[enter date]*.

If you don't submit a completed Election Form by the due date shown above, you'll lose your right to elect COBRA continuation coverage. If you reject COBRA continuation coverage before the due date, you may change your mind as long as you submit a completed Election Form before the due date. However, if you change your mind after first rejecting COBRA continuation coverage, your COBRA continuation coverage will begin on the date you submit the completed Election Form.

Read the important information about your rights included in the pages after the Election Form.

I (We) elect COBRA continuation coverage in the *[enter name of plan]* (the Plan) listed below:

| Name | Date of Birth | Relationship to Employee | SSN (or other identifier) |

a. _____

     *[Add if appropriate:* Coverage option elected: _____]

b. _____

     *[Add if appropriate:* Coverage option elected: _____]

c. _____

     *[Add if appropriate:* Coverage option elected: _____]

_____    _____
Signature                           Date

_____    _____
Print Name                        Relationship to individual(s) listed above

_____

_____

_____    _____
Print Address                       Telephone number

**Important Information About Payment**

*First payment for continuation coverage*

You must make your first payment for continuation coverage no later than 45 days after the date of your election (this is the date the Election Notice is postmarked). If you don't make your first payment in full no later than 45 days after the date of your election, you'll lose all continuation coverage rights under the Plan. You're responsible for making sure that the amount of your first payment is correct. You may contact [*enter appropriate contact information, e.g., the Plan Administrator or other party responsible for COBRA administration under the Plan*] to confirm the correct amount of your first payment.

*Periodic payments for continuation coverage*

After you make your first payment for continuation coverage, you'll have to make periodic payments for each coverage period that follows. The amount due for each coverage period for each qualified beneficiary is shown in this notice. The periodic payments can be made on a monthly basis. Under the Plan, each of these periodic payments for continuation coverage is due [*enter due day for each monthly payment*] for that coverage period. [*If Plan offers other payment schedules, enter with appropriate dates:* You may instead make payments for continuation coverage for the following coverage periods, due on the following dates:]. If you make a periodic payment on or before the first day of the coverage period to which it applies, your coverage under the Plan will continue for that coverage period without any break. The Plan [*select one:* will *or* will not] send periodic notices of payments due for these coverage periods.

*Grace periods for periodic payments*

Although periodic payments are due on the dates shown above, you'll be given a grace period of 30 days after the first day of the coverage period [*or enter longer period permitted by Plan*] to make each periodic payment. You'll get continuation coverage for each coverage period as long as payment for that coverage period is made before the end of the grace period. [*If Plan suspends coverage during grace period for nonpayment, enter and modify as necessary:* If you pay a periodic payment later than the first day of the coverage period to which it applies, but before the end of the grace period for the coverage period, your coverage will be suspended as of the first day of the coverage period and then retroactively reinstated (going back to the first day of the coverage period) when the periodic payment is received. This means that any claim you submit for benefits while your coverage is suspended may be denied and may have to be resubmitted once your coverage is reinstated.]

If you don't make a periodic payment before the end of the grace period for that coverage period, you'll lose all rights to continuation coverage under the Plan.

Your first payment and all periodic payments for continuation coverage should be sent to:

[*enter appropriate payment address*]