```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------x
KEVIN RIDDLE and VALERIE RIDDLE, on      :
behalf of themselves and all others similarly :
situated,                                :
                    Plaintiffs,          :       OPINION AND ORDER
v.                                       :
                                         :       19 CV 3634 (VB)
                                         :
PEPSICO, INC.,                           :
                    Defendant.           :
--------------------------------------------------------------x
```

Briccetti, J.:

    Plaintiffs Kevin and Valerie Riddle bring this putative class action pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended by the Consolidated Omnibus Reconciliation Act of 1985 ("COBRA"), against defendant PepsiCo, Inc.

    Now pending is PepsiCo's motion to dismiss the second amended complaint pursuant to Rule 12(b)(6). (Doc. #47).

    For the reasons set forth below, the motion is DENIED.

    The Court has subject matter jurisdiction under 28 U.S.C. §§ 1331, 1355.

## BACKGROUND

    For the purpose of ruling on the motion to dismiss, the Court accepts as true all well-pleaded allegations in the second amended complaint and draws all reasonable inferences in plaintiffs' favor, as summarized below.

    This case concerns alleged deficiencies in the COBRA notices PepsiCo sent the Riddles in February 2018.

    According to the second amended complaint, while Kevin Riddle worked at PepsiCo, both he and his wife Valerie participated in PepsiCo's health care plan. PepsiCo terminated Kevin Riddle's employment on January 30, 2018. Kevin Riddle's termination was a qualifying

1

event pursuant to COBRA.[1]  Under COBRA, Kevin Riddle and other covered individuals, i.e., Kevin Riddle's wife Valerie, could continue their health insurance.

Accordingly, on February 5, 2018, PepsiCo mailed the Riddles two letters respecting their COBRA enrollment (the "notices").  One letter was addressed to Kevin Riddle and Family and entitled "COBRA/Continuation Coverage Enrollment Notice."  (Doc. #44 ("SAC") Ex. B). The other letter was addressed to Kevin Riddle entitled "Important Information About Your COBRA Continuation Coverage Rights."  (SAC Ex. C).  According to the Riddles, the plan administrator was PepsiCo Administration Committee and the COBRA claims administrator was Alight Solutions, LLC.

The Riddles claim PepsiCo failed to provide the Riddles, as required by COBRA, notice of their right to continue their health coverage upon the occurrence of a qualifying event. Specifically, the Riddles allege PepsiCo provided multiple notices instead of a single notice, and that together, the notices failed to provide the name and address of the plan administrator, PepsiCo Administration Committee, and the COBRA claims administrator, Alight Solutions, as well as any of the procedures for electing continuation coverage or an election form.

The Riddles allege these deficiencies prevented them from "mak[ing] an informed decision about their health insurance and [they] lost health coverage."  (SAC ¶ 11).[2]  Following the Riddles' "loss of insurance coverage," they claim to have "incurred medical bills" related to Valerie Riddle's doctors' appointments and surgery.  (SAC ¶¶ 12–13).  The Riddles assert they

---

[1]  A qualifying event is one that would cause an employee who had group health coverage to lose that coverage.  See 29 U.S.C. § 1163(2) (qualifying event includes "termination . . . of the covered employee's employment").

[2]  As described in greater detail below, the federal regulations respecting COBRA notices mandate certain content requirements.  See 29 U.S.C. § 1166; 29 C.F.R. § 2590.606-4.

suffered both economic and "informational injury" which entitles them to relief. (SAC ¶¶ 13–14). They plead four claims—as well as class claims—seeking equitable relief and statutory damages.[3]

## DISCUSSION

I.  Standard of Review

In deciding a Rule 12(b)(6) motion, the Court evaluates the sufficiency of the operative complaint under the "two-pronged approach" articulated by the Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).[4] First, plaintiff's legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not entitled to the assumption of truth and thus are not sufficient to withstand a motion to dismiss. Id. at 678; Hayden v. Paterson, 594 F.3d 150, 161 (2d Cir. 2010). Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Ashcroft v. Iqbal, 556 U.S. at 679.

To survive a Rule 12(b)(6) motion, the allegations in the complaint must meet a standard of "plausibility." Ashcroft v. Iqbal, 556 U.S. at 678; Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. at 678. "The plausibility standard is not akin to a 'probability

---

[3] Pursuant to the statute, the court may award up to $110 per day for each class member sent a defective notice. 29 U.S.C. § 1132(c)(1); 29 C.F.R. § 2575.502c-1. However, statutory damages for failure to give notice are discretionary. See O'Shea v. Childtime Childcare, Inc., 2002 WL 31738936, at *7 (N.D.N.Y. Dec. 2, 2002) (collecting cases in context of a claim in which "no notice [was] provided").

[4] Unless otherwise indicated, case quotations omit all internal citations, quotation marks, footnotes, and alterations.

3

requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id.

In considering a motion to dismiss, "a district court may consider the facts alleged in the complaint, documents attached to the complaint as exhibits, and documents incorporated by reference in the complaint." DiFolco v. MSNBC Cable L.L.C., 622 F.3d 104, 111 (2d Cir. 2010). In addition, the Court may consider materials subject to judicial notice, including court filings in other litigation, "not for the truth of the matters asserted in the other litigation but rather to establish the fact of such litigation and related filings." Staehr v. Hartford Fin. Servs. Grp., Inc., 547 F.3d 406, 425 (2d Cir. 2008).

II.  Defective Notice Claims

PepsiCo argues the Riddles do not plausibly allege the notices were defective and would mislead the average plan participant.

The Court disagrees.

A.  Legal Standard

"COBRA provides that employers must allow former employees to continue health care coverage under the employer's plan if a qualifying event occurs." Goodman v. Commercial Labor Servs., Inc., 2000 WL 151997, at *2 (N.D.N.Y. Feb.11, 2000) (citing 29 U.S.C. § 1161). "Termination of employment is considered a qualifying event." Id. *2 (citing 29 U.S.C. § 1163(2)). "When a covered employee is terminated, the employer must notify the group health plan administrator within 30 days of the termination." Id. (citing 29 U.S.C. § 1166(a)(1)).

Pursuant to a congressional directive in COBRA, the Department of Labor ("DOL") promulgated regulations respecting the plan administrator's obligation to provide "notice to each qualified beneficiary of the qualified beneficiary's rights to continuation coverage under the

4

plan." 29 C.F.R. § 2590.606-4(a). These regulations provide fourteen notice content requirements, including four requirements the Riddles allege PepsiCo violated.[5] The regulations mandate:

> The notice . . . shall be written in a manner calculated to be understood by the average plan participant and shall contain the following information: (i) . . . the name, address and telephone number of the party responsible under the plan for the administration of continuation coverage benefits; . . . (v) [a]n explanation of the plan's procedures for electing continuation coverage, including an explanation of the time period during which the election must be made, and the date by which the election must be made; . . . [and] (xii) . . . the address to which payments should be sent.

29 C.F.R. § 2590.606-4(b)(4).

Although the Second Circuit has not specifically addressed the regulatory requirement outlined in section 2590.606-4(b)(4),[6] other courts have interpreted the regulation to apply "'an objective standard rather than requiring an inquiry into the subjective perception of the individual [plan] participants.'" Vazquez v. Marriott Int'l, Inc., 2018 WL 3860217, at *4 (M.D. Fla. Aug. 7, 2018) (citing Wilson v. Sw. Bell Tel. Co., 55 F.3d 399, 407 (8th Cir. 1995)). Indeed, the "notice must be sufficient to permit the discharged employee to make an informed decision whether to elect coverage." Scott v. Suncoast Beverage Sales, Ltd., 295 F.3d 1223, 1230 (11th Cir. 2002)).

---

[5] The parties have not briefed whether the DOL regulations at issue require strict compliance. See Bryant v. Wal-Mart Store, Inc., 2019 WL 3542827, at *3 (S.D. Fla. Apr. 18, 2019). The Riddles claim there are "strict informational statutory requirements" for the regulation, (SAC ¶ 48), which PepsiCo disputes. (See Doc. #48 ("Def. Mem.") at 10).

[6] To date, only one court in this District has assessed liability arising under 29 C.F.R. § 2590.606-4. There, the court granted defendant IBM's motion to dismiss because "Plaintiff conceded earlier in this litigation that Fidelity, not IBM, sent the COBRA notices to Plaintiff." Schlenger v. IBM Corp., 2013 WL 944798, at *5 (S.D.N.Y. Mar. 12, 2013). Therefore, the court ruled plaintiff had not "plausibly alleged that IBM is liable for any alleged conflicting statements the notices may have contained." Id.

Further, the Secretary of Labor has promulgated a model notice. Although the notice is "not mandatory," "[u]se of the model notice, appropriately modified and supplemented, will be deemed to satisfy the notice content requirements." 29 C.F.R. § 2590.606-4(g).

B. <u>Application</u>

PepsiCo argues its notices satisfy the content requirements and thus, the Riddles have failed plausibly to allege a notice violation claim.

Although this is a close call, after reviewing the notices, the model election notice promulgated by the DOL, and the allegations in the second amended complaint (which the Court must accept as true), the Court finds the Riddles have set forth sufficient factual allegations to state a claim for relief.

The Riddles allege four distinct grounds for finding such violations of the notice content requirements, and assert the notices are defective and insufficient to be understood by the average plan participant. Specifically, the Riddles allege: (i) PepsiCo should have mailed a single letter rather than multiple letters; (ii) the notices do not identify the plan administrator as PepsiCo Administration Committee or the COBRA claims administrator as Alight Solutions; (iii) the notices do not provide details on how to enroll in COBRA, nor do they enclose a physical enrollment form; and (iv) only the second letter provides the address to which payment should be sent. Therefore, the Riddles contend the cumulative effect of these deficiencies misleads the average plan participant.

These allegations are sufficient at this stage of the proceedings.

First, PepsiCo's multiple notices, rather than a single notice, may be non-compliant with the regulations. The regulations provide for "a <u>notice</u> meeting the requirements," not multiple notices. 29 C.F.R. § 2590.606-4(b)(1) (emphasis added).

6

Second, the Court finds instructive a recent Southern District of Florida decision respecting the requirement to identify the plan administrator and COBRA claims administrator. There, the court found that although "the Department [of Labor] eliminated the requirement that a general notice include the identification of both the plan administrator and the COBRA administrator," the omission of the "COBRA administrator's contact information in an election notice" failed to satisfy Section 2590.606-4(b)(4)(i). See Bryant v. Wal-Mart Store, Inc., 2019 WL 3542827, at *5. Taking the Riddles' allegations as true, the Court cannot at this time conclude that the notices are not defective. It follows that the Riddles have alleged adequately that the notices do not satisfy the election notice requirements of Section 2590.606-4(b)(4)(i).

Third, the same is true of the Riddles' allegations that PepsiCo failed to provide a physical COBRA enrollment form. PepsiCo's argument on this point—that it hews closely to the DOL model notice—is unpersuasive. The model notice provides for a physical election form,[7] whereas PepsiCo's notices did not enclose an enrollment form with either letter. According to the Riddles, PepsiCo's notices merely point the Riddles "to an unhelpful website and phone number." Gilbert v. Suntrust Banks, Inc., 2015 WL 11660244, at *2 (S.D. Fla. Sept. 18, 2015). Accordingly, the Riddles have adequately alleged that the notices do not satisfy the election notice requirements of Section 2590.606-4(b)(4)(v).

Fourth, and finally, the Riddles plausibly allege that PepsiCo failed to satisfy the content requirement concerning the address for payments. The Court once again compares the model notice with the notices the Riddles received from PepsiCo. The model notice contemplates multiple references to the "name of [the] party responsible for COBRA administration," (SAC

---

[7] (See SAC Ex. A at 1, 6) ("If you choose to elect COBRA continuation coverage, you should use the election form provided later in this notice.").

Ex. A at 2, 5), whereas PepsiCo's notices are devoid of such information. Accordingly, the Riddles have adequately alleged that the notices do not satisfy the election notice requirements of Section 2590.606-4(b)(4)(xii).

For the above reasons, and at this early stage of proceedings, the allegations in the second amended complaint are sufficient to survive a motion to dismiss.

    C.    <u>Good Faith Defense</u>

PepsiCo argues its notices are not defective because the regulation is vague, and even if the notices were defective, PepsiCo should not be liable for violations of the notice content requirements because it made a good faith effort to comply.

The Court disagrees.

As discussed above, the DOL provided a model notice. Although the regulation makes clear employers are not required to use the model notice, the regulation also implies an employer's decision to deviate from the model may constitute a violation if it is non-compliant.

Moreover, PepsiCo argues it should be entitled to a good faith defense. However, there is no clear authority on whether a good faith defense is available pursuant to this regulation. <u>Compare</u> <u>Pierce v. Visteon Corp.</u>, 843 F. Supp. 2d 936, 940 (S.D. Ind. 2011) (collecting cases in which courts have held "a good faith attempt to comply with a reasonable interpretation of the statute' is sufficient to satisfy COBRA requirements") <u>with</u> <u>Valdivieso v. Cushman & Wakefield, Inc.</u>, 2017 WL 2191053, at *2 (M.D. Fla. May 18, 2017) ("good faith" attempt to comply does not excuse breach of notice requirement).

The Riddles argue that once the regulations went into effect—"the first plan year beginning on or after November 26, 2004"—the good faith defense was no longer available. 29 C.F.R. § 2590.606-4(h). Further the Riddles have plausibly alleged PepsiCo knowingly provided

defective notices. (See Doc. #55 ("Pl. Opp.") at 5). Accordingly, the Court finds PepsiCo's invocation of a good faith defense unavailing at this early stage in the proceedings.

**CONCLUSION**

The motion to dismiss is DENIED.

Defendant shall file an answer by March 9, 2020.

The Clerk is directed to terminate the motion. (Doc. #47).

Dated: February 24, 2020
       White Plains, NY

SO ORDERED:

_____
Vincent L. Briccetti
United States District Judge